United States District Court
For the Northern District of California

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | IN THE UNITED STATES DISTRICT COURT | |
| 4 | FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| 5 | | |

| | |
|---|---|
| SHARPER IMAGE CORPORATION, a Delaware corporation, | No. C 04-0824 CW |
| Plaintiff, | ORDER DENYING APPROVAL OF STIPULATION OF DISMISSAL AND ORDERING PARTIES TO SUBMIT PROPOSED FINDING AND PARTIAL JUDGMENT |
| v. | |
| TARGET CORPORATION, a Minnesota corporation, IONIC PRO, LLC, a Delaware corporation, IDEAL PRODUCTS, LLC, a Nevis (offshore) corporation, SYLMARK, INC., a Delaware corporation, SYLMARK, LLC, a Delaware corporation, QWIK COOK, INC. d/b/a HOME TRENDS, a New York corporation, FACTORIES2U, LLC, a California corporation, and CHAIM MARK BESS, an individual, | |
| Defendants. | |
| _____/ | |

The parties in this case have submitted a stipulation of dismissal without prejudice of the claims and counterclaims remaining in this case, in order to allow the Court to enter a purportedly final judgment and to permit an immediate appeal of the matters decided in the Court's March 29, 2006 Order Addressing Cross-Motions for Summary Judgment. According to the agreement, if the appeal of this case resulted in a remand, their remaining claims and counterclaims would be consolidated with the remanded proceedings, and if the appeal did not result in a remand, the remaining claims and counterclaims would be submitted for "binding

1 mediation" before Judge Eugene Lynch.  A pre-trial conference is
2 currently scheduled for April 28, 2006.

3 Having considered the stipulation as filed by the parties, the
4 Court finds that it would run afoul of Ninth Circuit case law
5 disapproving of such agreements as a manipulation of the finality
6 requirement.[1]  See, e.g., James, 283 F.3d at 1066 (citing cases
7 finding no appellate jurisdiction where finality was artificially
8 manufactured by dismissal without prejudice); Dannenberg v.
9 Software Toolworks, Inc., 16 F.3d 1073 (9th Cir. 1994) ("We see
10 this as a clear, and impermissible, attempt to circumvent Rule
11 54(b). . . . [L]itigants should not be able to avoid the final
12 judgment rule without fully relinquishing the ability to further
13 litigate unresolved claims."; Cheng v. Comm'r, 878 F.2d 306 (9th
14 Cir. 1989) (same).  The stipulations that were rejected by the
15 Ninth Circuit in Dannenberg and Cheng provided, as the parties
16 propose here, that unresolved claims be dismissed without
17 prejudice, and be revived only if the Ninth Circuit remanded other
18 claims for re-trial.

19 Because Ninth Circuit law disallows this solution, entry of
20 partial judgment would provide the next most efficient resolution.
21 The parties may submit, prior to the April 28 pretrial conference,
22 if possible, proposed findings in support of partial judgment
23 pursuant to Federal Rule of Civil Procedure 54(b), which provides:

---

[1] Although this case will be appealed to the Federal Circuit instead of the Ninth Circuit, the Federal Circuit applies the law of the pertinent regional circuit in determining the finality of the district court's entry of judgment. See Golan v. Pingel Enterprise, Inc., 310 F.3d 1360, 1366 n.3 (applying James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1069 (9th Cir. 2002)).

2

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Supreme Court in <u>Curtiss-Wright Corporation v. General Electric Company</u>, 446 U.S. 1 (1980) described the analysis a district court should conduct in deciding whether to enter partial judgment under Rule 54(b):

> [T]he district court must . . . determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."
>     Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting [sic] such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

<u>Id.</u> at 8 (quoting <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 435-38 (1956) (internal citations omitted). The Ninth Circuit has described the standard for entering partial judgment under Rule 54(b) as follows:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying

3

>the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981) (internal citations omitted).

The parties should also include a proposed partial judgment containing their agreement conditionally to dismiss their remaining claims and counterclaims without prejudice. The proposed judgment should provide that Judge Lynch, or another mutually agreeable mediator if he is unavailable, will mediate the case. It should also provide that if the parties are unable to settle the case through mediation, Judge Lynch will adjudicate the case, and his adjudication will result in a binding judgment not subject to appeal.

IT IS SO ORDERED.

Dated: 4/25/06

_____
CLAUDIA WILKEN
United States District Judge

4