e. robert (bob) wallach (SBN 29078)
Lawyer-Counselor
Law Offices of e. robert (bob) wallach, P.C.
155 Jackson Street, No. 602
San Francisco, CA 94111
Telephone: (415) 989-6445
Facsimile: (415) 989-3802

Alan L. Barry (*pro hac vice*)
Amy O'Toole (*pro hac vice*)
Heather A. Boice (*pro hac vice*)
Bell, Boyd & Lloyd LLC
Three First National Plaza
70 West Madison, Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

David L. Aronoff (SBN 152606)
Gayle I. Jenkins (SBN 168962)
Thelen Reid & Priest LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071-3048
Telephone: (213) 576-8044
Facsimile: (213) 576-8080
*Attorneys for Plaintiff Sharper Image Corporation*

Morgan Chu (SBN 70446)
Jonathan Kagan (SBN 166039)
Mary Ann Novak (SBN 202502)
Elizabeth L. Rosenblatt (SBN 203196)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SHARPER IMAGE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE MAY DEPARTMENT STORES COMPANY, a Delaware corporation, TARGET CORPORATION, a Minnesota corporation, IONIC PRO, LLC, a Delaware corporation, IDEAL PRODUCTS, LLC, a Nevis (offshore) corporation, SYLMARK, INC., a Delaware corporation, SYLMARK, LLC, a Delaware corporation, QWIK COOK, INC. d/b/a HOME TRENDS, a New York corporation, FACTORIES2U, LLC, a California corporation, CHAIM MARK BESS, an individual, and PETER SPIEGEL, an individual,<br><br>Defendants. | **Case No. 04-0824 CW (WDB)**<br><br>**FINDINGS IN SUPPORT OF PARTIAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND PARTIAL JUDGMENT** |

*[Proposed] Findings in Support of Partial Judgment*
*under Federal Rule of Civil Procedure 54(b) and Partial Judgment*
Case No. 04-0824 CW (WDB)

The parties to this action, Plaintiff Sharper Image Corporation ("Plaintiff") and Defendants Target Corporation, Ionic Pro, LLC, Ideal Products, LLC, Sylmark, Inc., Sylmark, LLC, Qwik Cook, Inc., Factories2U, LLC, Chaim Mark Bess, and Peter Spiegel (collectively, "Defendants"), seek an immediate appeal of the Court's Order Addressing Cross-Motions for Summary Judgment dated March 29, 2006, D.I. 856. In particular, the parties seek appeal of the Court's Order granting in part Defendants' motion for summary adjudication of Plaintiff's patent and trade dress claims and granting Plaintiff's motion for summary adjudication of Defendants' tort and state law counterclaims.

The parties submitted a stipulation of dismissal without prejudice of the remaining claims and counterclaims. *See* D.I. 913. According to the parties' agreement, if an appeal of this case resulted in a remand, their remaining claims and counterclaims would be renewed and consolidated with the remanded proceedings, and if an appeal did not result in a remand, the remaining claims and counterclaims would be submitted for "binding mediation." *Id.* The Court denied approval of the stipulation and found that entry of partial judgment would provide the most efficient resolution. D.I. 921 at 2. The Court ordered the parties to submit proposed findings and partial judgment for the remaining claims and counterclaims. *Id.* at 2, 4.

In support of entry of partial final judgment under Federal Rule of Civil Procedure 54(b), the parties submit the following proposed findings and partial judgment:

**I.   Procedural History**

In its March 29, 2006 Order, this Court granted Defendants' motion for summary judgment of non-infringement of U.S. Patent No. 6,709,484 (the "'484 patent") patent by Defendants Target Corporation, Qwik Cook, Inc., Factories2U, LLC and Chaim Mark Bess. D.I. 856 at 14-17. "[W]ith respect to the retail Defendants," the Court found "Plaintiff has not identified evidence of intent sufficient to withstand summary judgment" *Id.* at 14-15. As to Defendant Chaim Mark Bess, the Court found "it is not appropriate to pierce the corporate veil and hold Mr. Bess liable for all the company's actions" or hold him personally liable. *Id.* at 16. The Court also granted Defendants' motion for non-infringement of the '484 utility patent based on the second generation Ionic Pro product. *Id.* at 6.

2

*[Proposed] Findings in Support of Partial Judgment under Federal Rule of Civil Procedure 54(b) and Partial Judgment*
Case No. 04-0824 CW (WDB)

This Court granted Defendants' motion for summary judgment of non-infringement of U.S. Patent No. Des. 433,494 (the "'494 patent"). The Court construed the '494 patent as follows:

> The '494 patent is directed toward an ornamental design for a tower-type air purifier. The housing has a narrow and tall shape with an oval cross-section, as shown in Figure 1, fixed on top of a circular base which is bigger than the bottom of the housing, see Fig. 2. Figures 1, 2 and 5 show many horizontal vents which are located along the front and back of the tower, separated by scalloped cut-outs on either side of its body. A crescent-shaped control button is located on top of the unit, below the handle. Figures 1 and 7. As seen from the perspective of Figures 5 and 6, the top of the unit is slanted downward. A boomerang-shaped handle (see Fig. 7) is located in a recessed cavity and protrudes up from the top. See Figs. 5 and 6.

*Id.* at 21. The Court then determined that the potential points of novelty of the '494 patent are: "the oval cross-section; the scalloped cut-outs separating the vents on either side of the body; the crescent-shaped control button; and the boomerang-shaped handle located in a recessed cavity and protruding from the top." *Id.* at 24. This Court determined that "[o]f these, the only element arguably shared by the Ionic Pro is the placement of the handle in a recessed cavity." *Id.* "Otherwise, the Ionic Pro does not share the IBQ's points of novelty . . . ." *Id.*

This Court also granted Defendants' motion for summary adjudication of non-infringement of Sharper Image's trade dress in the Ionic Breeze® Quadra®. *Id.* at 25-35. This Court found "Plaintiff has failed to introduce evidence that would allow a reasonable jury to conclude that its trade dress is distinctive or that a substantial segment of consumers and potential consumers has a mental association between the alleged trade dress and the Sharper Image source." *Id.* at 33. The Court also found "Plaintiff's evidence of actual confusion is de minimis, and it certainly is not probative of confusion based on trade dress." *Id.* at 35. Further, the Court found "Plaintiff has failed to raise a triable issue of material fact as to whether consumers are likely to be confused by Ionic Pro's alleged use of IBQ's trade dress." *Id.* The Court concluded "[b]ecause the Court grants Defendants' motion with respect to the trade dress issue, it also grants Defendants' motion with respect to Plaintiff's § 17200 claim." *Id.*

The Court granted Plaintiff's motion for summary adjudication of Defendants' counterclaims for tortious interference with economic advantage and unfair competition under California Business and Professions Code § 17200. *Id.* at 35-46. This Court determined "the litigation privilege applies as an absolute bar to Defendants' counterclaims." *Id.* at 46.

3

*[Proposed] Findings in Support of Partial Judgment under Federal Rule of Civil Procedure 54(b) and Partial Judgment*
Case No. 04-0824 CW (WDB)

The Court also found that certain issues remained for trial. In particular, the Court found a "disputed issue of material fact exists as to whether Ionic Pro users directly infringed the asserted claims of the '484 utility patent" and denied Plaintiff's motion for summary judgment of infringement of the '484 patent. *Id.* at 13-14. The also Court denied Defendants' motion for summary adjudication of non-infringement of the '484 patent with respect to Defendants Ionic Pro, LLC, Ideal Products, LLC, Sylmark, Inc., and Sylmark, LLC.[1] *Id.* at 13-15. Thus, the Court concluded that Plaintiff's claims against Defendants Mr. Spiegel, Ionic Pro, LLC, Ideal Products, LLC, Sylmark, Inc., and Sylmark, LLC for inducing infringement of the '484 utility patent and Defendants' invalidity and non-infringement counterclaims were the only claims remaining for trial.[2] *Id.* at 52.

## II.    Applicable Law

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), the Supreme Court described the analysis a district court should conduct in deciding whether to enter partial judgment under Rule 54(b):

> [T]he district court must . . . determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."

---

[1] The Court granted Plaintiff leave to add Mr. Spiegel as a Defendant. *Id.* at 50, 52. Plaintiff filed a Third Amended Complaint on April 3, 2006, which added Mr. Spiegel as a Defendant and asserted a claim for infringement of the '484 patent and claims for design patent and trade dress infringement and unfair competition. D.I. 860.

[2] The Court previously stayed Plaintiff's claims for infringement of U.S. Patent No. 6,713,026 (the "'026 patent") and Defendants' related counterclaims pending a reissue proceeding in the United States Patent and Trademark Office. D.I. 186. The '026 patent claim and counterclaims remain stayed and would not be tried along with the '484 patent claim and counterclaim. *Id.*

> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting [sic] such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* at 7-8. The Supreme Court acknowledged it does "not suggest that the presence of one of these factors would necessarily mean that Rule 54(b) certification would be improper." *Id.* at 8 n. 2.

> It would, however, require the district court to find a sufficiently important reason for nonetheless granting certification. For example, if the district court concluded that there was a possibility that an appellate court would have to face the same issues on a subsequent appeal, this might perhaps be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims.

*Id.* (*citing Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 450 n.5 (1956)).

Rule 54(b) certification is proper "if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quotation omitted). The Ninth Circuit recognized in *Denbicare U.S.A. Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1148 (9th Cir. 1996):

> Here, the district court's use of Rule 54(b) to separate the certain nonpatent claims for partial final judgment fits within the scope of the committee's intent. Because the district court both dismissed all patent claims from this case and separated its decision on the merits of the nonpatent claims through the grant of a partial final judgment under Rule 54(b), we have appellate jurisdiction over the partial final judgment.

This Court suggested that Ninth Circuit law is applicable to determine whether a partial judgment under Federal Rule of Civil Procedure 54(b) is appropriate. D.I. 921 at 2 n. 1. Upon further consideration, the Federal Circuit may apply its own law to this determination.[3]

---

[3] In certain cases, the Federal Circuit has applied the law of the pertinent regional circuit to determine whether the district court's entry was final relative to all pending issues. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1366 n.3 (Fed. Cir. 2002). Most cases suggest the Federal Circuit would apply its own law and not the law of the regional circuit. *See, e.g., Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356 (Fed. Cir. 2003) ("We apply our own law and not the law of the regional circuit to issues concerning our jurisdiction"); *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 829 (Fed. Cir. 2003) ("Federal Circuit law, which we apply instead of regional circuit law to issues involving Rule 54(b) certification and our appellate jurisdiction"); *State Contracting & Eng'g Corp. v. Florida*, 258 F.3d 1329, 1334 (Fed. Cir. 2001); *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987) (*en banc*).

Under Federal Circuit law, Rule 54(b) authorizes "an ultimate disposition of an individual claim entered in the course of a multiple claims action" in the "interest of sound judicial administration." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436-37 (1956)). "A judgment is not final for purposes of Rule 54(b) unless it is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Ultra-Precision*, 338 F.3d at 1357 (*quoting Sears*, 351 U.S. at 435). "Moreover, 'not all final judgment on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.'" *Ultra-Precision*, 338 F.3d at 1357 (*quoting Curtiss-Wright*, 446 U.S. at 8).

"The function of the district court under the Rule is to act as a 'dispatcher.'" *Ultra-Precision*, 338 F.3d at 1357 (*quoting Sears*, 351 U.S. at 436). Rule 54(b) allows a district court to act as a "dispatcher" and "determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." *Lava Trading, Inc. v. Sonic Trading Mgmt. LLC*, No. 05-1177, 2006 WL 1008842, at *2 (Fed. Cir. Apr. 19, 2006) (*quoting Pause Tech. LLC v. Tivo Inc.*, 401 F.3d 1290, 1294 n. 2 (Fed. Cir. 2005)).

"Even for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment." *Intergraph*, 253 F.3d at 699. "District courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b)." *Id.* (*citing Cold Metal*, 351 U.S. at 452).

As discussed in *Curtiss-Wright*, "the trial court's decision whether to certify a judgment under Rule 54(b) should not be disturbed unless it is 'clearly unreasonable.'" *Intergraph*, 253 F.3d at 699. "Although it is recognized that piecemeal appeals are inappropriate in cases that should be given unitary review, the entry of judgment under Rule 54(b) was clearly reasonable in this case, for it would avoid an unnecessary and lengthy trial of complex issues if the Rule 54(b) judgment were sustained." *Id.*

Under either the Ninth Circuit or Federal Circuit standard, the present case presents a proper circumstance for entry of partial final judgment under Rule 54(b).

### III. Analysis

There is no reason to delay entry of partial final judgment under Rule 54(b) of the claims and counterclaims decided in the Court's March 29, 2006 Order. In the interest of sound judicial administration and other equitable considerations, it is appropriate to allow an immediate appeal of the Court's Order disposing of nearly all the claims and counterclaims in the case by summary adjudication. The remaining utility patent claims are more narrow in scope and raise wholly different issues from those decided in the Court's Order. In addition, certification under Rule 54(b) will provide a prompt and efficient resolution of the case. Pursuant to an agreement between the parties, if an appeal does not result in a remand, the remaining claims will be resolved by binding mediation not subject to appeal. Even if there is a remand, the remaining claims will be consolidated and because these claims are distinct, there is no risk that the appellate court will address the same or similar legal or factual issues.

Initially, if there is no entry of partial judgment under Rule 54(b), there would be a significant delay before final judgment of all claims in this case. Patent infringement claims relating to the '484 and '026 utility patents remain in the case, but only the '484 patent claims are ripe for trial. Claims involving the '026 patent have been stayed pending a reissue proceeding in the Patent and Trademark Office and that proceeding is in its early stages. Because the '026 patent is not nearing re-issuance and the parties have not completed discovery relating to the '026 patent claims, resolution of these claims by summary adjudication or trial would not be achieved for some time. The case would remain stagnant on the Court's docket for a prolonged period and there could be unnecessary multiple trials before entry of final judgment. This indefinite delay and the risk of potential multiple trials would be eliminated by immediate entry of partial judgment under Rule 54(b).

In addition, Plaintiff asserts the '484 patent only against the first generation Ionic Pro product, which is no longer being sold. In contrast, Plaintiff's claims for design patent and trade dress infringement pertain not only to the first generation Ionic Pro product, but also the currently-available Ionic Pro. Plaintiff alleges its damages for these claims are continuing to accrue. Similarly, Defendants allege that damages relating to their tort and state law counterclaims are

continuing. In light of the harsh result that could arise from the delay in adjudicating claims involving alleged ongoing infringement and damages, equities weigh in favor of an immediate partial judgment.

Next, the remaining claims for infringement of the '484 and '026 utility patents raise separate and distinct legal and factual issues than those issues decided in the Court's Order. The Court's Order did not address the '026 patent. With regard to the '484 patent, the only claims summarily adjudicated in the Court's Order were those asserted against certain retailer Defendants and an individual Defendant (Chaim Mark Bess). These claims are based on facts distinct from those involving the remaining Defendants. For instance, the alleged knowledge or intent of the retailer defendants or the individual acts of Mr. Bess bear no relation to the alleged acts of the remaining Defendants.

In addition, Plaintiff's design patent and trade dress infringement claims and Defendants' tort and state law counterclaims have no relation to the remaining claims for infringement of the '484 and '026 utility patents. Unlike the remaining utility patent claims, the design patent and trade dress claims address the appearance of the accused product.

Moreover, pursuant to the proposed conditional agreement of the parties set forth below, Rule 54(b) certification would provide immediate resolution of the case and would not require the appellate court to address piecemeal appeals. Through certification under Rule 54(b), the Court may dismiss the remaining claims without prejudice and there will be no appeal of the remaining '484 and '026 patent claims unless an appeal of the certified judgment results in a remand. If there is no remand, the '484 and '026 patent claims will be submitted to binding mediation which will not be subject to an appeal. In this situation, the proposed dismissal of the remaining claims and resolution by binding mediation promote efficient judicial administration and provide an economical resolution for the parties.

Finally, in the case of a remand by the appellate court, there is no risk of duplication of effort because the remaining claims would be consolidated with the remanded proceedings for trial or other disposition by the district court. Because the remaining claims are separate and distinct, the appellate Court would not duplicate the same issues in a subsequent appeal. Accordingly,

certification of judgment under Rule 54(b) serves the administrative interests of this Court and is consistent with the policy against piecemeal appeals.

## IV. Partial Judgment of the Remaining Claims Under the Parties' Conditional Agreement

Pursuant to agreement of the parties, all remaining claims and counterclaims for Patent Infringement of the '484 patent, Declaratory Judgment of Non-Infringement of the '484 patent, Declaratory Judgment of Invalidity of the '484 patent, Patent Infringement of the '026 patent, Declaratory Judgment of Non-Infringement of the '026 patent, and Declaratory Judgment of Invalidity of the '026 patent are dismissed *without prejudice* under the following conditions:

1. If an appeal of this case to the United Stated Court of Appeals for the Federal Circuit does not result in a remand to the district court, the claims and counterclaims relating to the '484 and '026 patents will be submitted to binding mediation before Judge Eugene Lynch. If the parties are unable to settle the case through mediation, Judge Lynch will adjudicate the case, and his adjudication will result in a binding judgment not subject to appeal. If Judge Lynch is unavailable for mediation, the parties will select another mutually agreeable mediator from JAMS in San Francisco.

2. The parties shall not resubmit their claims or counterclaims relating to the '484 and '026 patents to any court unless an appeal of this case to the United Stated Court of Appeals for the Federal Circuit results in a remand to the district court, in which case jurisdiction over the claims and counterclaims relating to the '484 and '026 patents will be restored and consolidated with the remanded proceedings.

3. The progress of the action with respect to the '484 and '026 patents shall be frozen. No further discovery shall take place, and all other deadlines shall not be modified, except pursuant to a Court Order. All pretrial deadlines that had passed as of April 20, 2006 shall remain passed, and all pretrial submissions and exchanges made as of April 20, 2006 shall stand without revision, except as required to consolidate them with any remanded proceedings.

4. Mediation relating to the '484 and '026 patents shall not proceed until resolution of all currently pending proceedings regarding the '026 patent in the Patent and Trademark Office.

5. Each party will bear its own costs and attorneys' fees in this action.

IT IS SO ORDERED:

Dated: 5/16/06

/s/ CLAUDIA WILKEN

U.S. District Judge Claudia Wilken

Respectfully submitted by:

| Dated: April 28, 2006 | Dated: April 28, 2006 |
|---|---|
| SHARPER IMAGE CORPORATION | TARGET CORPORATION, IONIC PRO, LLC, IDEAL PRODUCTS, LLC, SYLMARK, INC., SYLMARK, LLC, QWIK COOK, INC. d/b/a HOME TRENDS, FACTORIES2U, LLC, CHAIM MARK BESS, and PETER SPIEGEL |
| /s/ Alan L. Barry (electronically signed)* | |
| Alan L. Barry<br>Amy G. O'Toole<br>Bell, Boyd & Lloyd LLC<br>70 West Madison Street, Suite 3100<br>Chicago, Illinois  60602 | /s/ Jonathan Kagan (electronically signed)*<br><br>Morgan Chu<br>Jonathan Kagan<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA  90067-4276 |
| (*pro hac vice*) | |
| *Attorneys for Plaintiff Sharper Image Corporation* | *Attorneys for Defendants* |

*Pursuant to General Order No. 45, Section X, by signing above counsel for Plaintiff hereby attests it maintains a file copy of this stipulation bearing Defendants' counsel's signature.

10

*[Proposed] Findings in Support of Partial Judgment under Federal Rule of Civil Procedure 54(b) and Partial Judgment*
Case No. 04-0824 CW (WDB)